23865. VINSON v. CITIZENS & SOUTHERN NATIONAL BANK OF VALDOSTA, Executor, et al.

UNDERCOFLER, Justice. On September 17, 1966, C. M. Vinson brought suit in equity in the Superior Court of Lowndes County against Citizens & Southern National Bank of Valdosta, individually and as executor of the last will and testament of Harry W. Peeples, deceased, to set aside the probate in solemn form of decedent's will for fraud practiced on the Court of Ordinary of Lowndes County and on the plaintiff, to declare a later purported will of decedent to be his last will and testament, construe the same, obtain an accounting, and for other purposes.

The petition as amended alleges as follows: Harry W. Peeples died on August 11, 1965. On August 17, 1965, defendant filed in the Court of Ordinary of Lowndes County and had probated in common form a will of decedent dated April 4, 1955, which will named defendant as executor. A few days after the probate of said will in common form the plaintiff

informed the defendant and its attorney that the decedent had executed a later will dated April 28, 1965, that defendant knew of said later will, that said will was valid, named plaintiff and his family as sole beneficiaries, and furnished defendant a copy of the will. Whereupon defendant and its attorney advised plaintiff that there was a dispute among the heirs which must be settled before any further action could be taken in regard to said estate and assured plaintiff that no action would be taken probating any will in solemn form without notifying him. Plaintiff was not an heir at law of decedent and did not reside in Lowndes County. Thereafter, on September 7, 1965, the defendant, without notifying plaintiff, filed the first will dated April 4, 1955, for probate in solemn form in the Court of Ordinary of Lowndes County and it was admitted to probate on November 19, 1965. Plaintiff has received from decedent's estate an automobile devised to him under the later purported will dated April 28, 1965.

The later purported will as shown by photostatic copy attached to the petition is written in long hand and appears to have been written on a blank page of a book or pamphlet containing scripture. It states as follows: "4-28-65. To my best friend Melvin Vinson and I want to be sure that in case of my death or disability that he and his family are provided for in my estate. This is my dearest wish. [signed] Harry W. Peeples. Also I want him (Melvin Vinson) to have my personal car and anything else of my personal belongings that [two words illegible in exhibit] HWP." This was witnessed by two persons whose names are illegible in the photostatic copy of said purported will.

The suit was dismissed on general demurrer and the plaintiff appeals said judgment to this court for review. *Held:*

"The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." *Code* § 110-710. However, a court of equity will not act unless it is shown that the party seeking relief has exercised reasonable diligence. *Code Ann.* § 37-211; *Charles v. Simmons,* 215 Ga. 794 (113 SE2d 604). In this case the plaintiff was under a positive legal duty to file promptly with the court of ordinary the instrument claimed to be a will, and not having done so

when ample time was available, he is not entitled to the relief sought in this court. *Code* §§ 37-212, 113-610; *Ingram v. Rooks*, 221 Ga. 701 (146 SE2d 743).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 9, 1967—DECIDED JANUARY 19, 1967.

*Helms & Dismukes, Jack J. Helms, Ben T. Willoughby,* for appellant.

*J. Lundie Smith, Tillman, Brice, McTier & Coleman, Franklin, Barham, Coleman, Elliott & Blackburn, W. Gus Elliott, Henry T. Brice,* for appellees.