## 30957. HOWERTON v. GARRETT.

GUNTER, Justice.

This child custody and child support case raises an issue of venue. Appellant-father and appellee-mother were divorced in 1971; the mother was awarded custody and child support periodic payments; the father moved to and is a resident of Alabama; the mother and children are residents of Hall County, Georgia; the father filed an action in Hall Superior Court in the nature of habeas corpus to obtain custody; the mother filed responsive pleadings denying changed conditions since the former legal award of custody to her and asserted that there were no legitimate reasons for a change of custody; she further, by a counterclaim against the nonresident father, sought increased periodic child support payments based upon an alleged improvement in the father's financial condition; the father moved to dismiss her counterclaim; the trial judge overruled the motion to dismiss the counterclaim, he declined to change custody, and he entered a judgment against the father that slightly increased the child support periodic payments; and the father has appealed.

The one enumerated error is: "The Superior Court of Hall County erred in denying appellant's motion to dismiss the counterclaim of appellee for reasons that the Superior Court of Hall County had no jurisdiction over appellant, a resident of Alabama, to adjudicate appellee's counterclaim to modify a final judgment and decree in order to increase child support payments filed to appellant's motion to change custody."

Appellant's so-called "motion to change custody" was actually an original action in the nature of habeas corpus brought for the purpose of acquiring legal custody that was then vested by court judgment in the mother.

The counterclaim of the mother for increased child support payments was in the nature of an original action pursuant to Code Ann. § 30-220: "The judgment of a court providing permanent alimony for the support of . . . children . . . shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband. Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings . . ." This statute originally provided that venue for such an action was in the same county in which the original alimony judgment was granted. However, that part of the statute was declared unconstitutional. See *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) (1968).

Code Ann. § 3-206 provides: "A person not a citizen of this State, passing through or sojourning temporarily in the State, may be sued in any county thereof in which he may be at the time when sued."

The Georgia Constitution does not prescribe venue for suits against nonresidents of the state, and it does not prohibit the bringing of a suit against a nonresident "in any county thereof in which he may be at the time when sued."

In this case the father was in Hall County Superior Court by virtue of having filed an original action there in the nature of habeas corpus; and the mother's counterclaim, in the nature of an original action permitted by the statute (Code § 30-220), was asserted against the nonresident father in the jurisdiction in Georgia which he was required by Georgia law to use in

order to assert his claim of custody against the mother. In this situation the venue for the mother's child support claim was proper; the nonresident father had voluntarily submitted himself to the jurisdiction of the court in order to assert his claim; and in the interest of judicial economy, the mother was not and is not required to assert her claim by an independent and separate action against the father in Hall Superior Court.

The denial of the father's motion to dismiss the mother's counterclaim was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 22, 1976 — DECIDED
SEPTEMBER 7, 1976.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.

*Jack M. Carey,* for appellee.