## 31284. WHITAKER v. WHITAKER.

GUNTER, Justice.

This appeal presents the interesting issue of whether the Georgia courts must give full faith and credit to a Florida domestic relations judgment that sought to bind one of the parties, the wife, who was not within the territorial limits of Florida at, during, or after the commencement and pendency of the action. Personal service of process was perfected upon the non-resident wife pursuant to Florida's domestic relations "long-arm" statute.

Mr. and Mrs. Whitaker formerly lived as husband and wife in Florida; the couple separated, and in October of 1974, Mrs. Whitaker left Florida with their minor daughter and has since then resided in Troup County, Georgia; Mr. Whitaker thereafter filed a divorce action in Florida against his wife who was not present within the territorial limits of Florida at the time of the filing of the action or at any time thereafter; personal service of process was perfected upon Mrs. Whitaker by having a service officer in Troup County, Georgia, serve her personally; Mrs. Whitaker did not respond to the Florida

---

process served upon her and made no appearance in the Florida court; the Florida court then rendered judgment granting a divorce to the parties, granting Mrs. Whitaker custody of the minor child and child support, granting described personal property to Mrs. Whitaker, and granting, upon evidence submitted, title to the Florida family residence to Mr. Whitaker, thereby divesting the wife of any interest in that real estate.

After all of this occurred in the Florida court Mrs. Whitaker filed an action against Mr. Whitaker in the Superior Court of Troup County, Georgia; she alleged that he was a resident of Florida; her action sought a divorce, alimony for herself, child support for their minor child, title to certain described personal property, and an undivided one-half interest in the couple's residence, the Florida realty that had been awarded to the husband by the Florida court.

Mr. Whitaker appeared in the Georgia court and moved to dismiss his former wife's complaint; and his motion relied on the judgment rendered by the Florida court. He properly pleaded the Florida jurisdictional statute and the Florida extra-territorial service of process statute; and his motion contended that the Georgia court was required to give "full faith and credit" to the Florida judgment in its entirety.

The Georgia trial judge entered a judgment in which he granted full faith and credit only to that part of the Florida judgment that had awarded a divorce to the parties; he awarded custody and child support to Mrs. Whitaker; and he awarded to Mrs. Whitaker, as alimony, a one-half undivided interest in the Florida real estate hereinbefore referred to.

Mr. Whitaker has appealed and has alleged here that the Georgia trial court committed twelve errors in rendering its judgment. However, in our view, all of the alleged errors turn on the issue of whether the Georgia court was required to give full faith and credit to the Florida judgment that he pleaded as a bar to the later Georgia action instituted by Mrs. Whitaker.

We hold that the entire Florida judgment was entitled to full faith and credit in the Georgia court, that it constituted a bar to the Georgia action, and the judgment

of the Georgia trial court was erroneous.

Florida's jurisdictional statute (48.193(1)(e), Florida Statutes) provides that a person, whether or not a resident or citizen of Florida, submits to the jurisdiction of the Florida courts domestic relations actions if such person "maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not."

The Florida statute providing for personal service on persons outside of its territorial limits is 48.194, Florida Statutes, and it provides for the perfection of service by a service officer of the state where the person is served. It also provides for a return of service by affidavit of the service officer stating the time, manner, and place of service.

It is conceded in this case that service of the Florida process was properly perfected by a service officer in Troup County.

The issue here is whether an in personam judgment, rendered in a Florida court, against a defendant who was not within the territorial limits of Florida at or after the commencement of the action, although personally served in Georgia, is entitled to full faith and credit in the Georgia courts. More specifically, were the Florida procedures that culminated in the in personam judgment fundamentally fair to Mrs. Whitaker, or were such procedures violative of her due process rights?

It is conceded that Mr. and Mrs. Whitaker maintained their marital domicile in Florida prior to their separation and Mrs. Whitaker's removal to Georgia. Is residence within the territorial limits of a state while married a sufficient contact with that state to confer jurisdiction in a domestic relations case even though one of the parties sought to be bound in the action moved outside the boundaries of the state prior to the commencement of the domestic relations action?

Pennoyer v. Neff, 95 U. S. 714 (1877), asserted a rule of territorial limitation upon state court systems with respect to rendering in personam judgments against non-residents of the state who did not voluntarily submit

to the jurisdiction of its courts. However, Williams v. North Carolina, 317 U. S. 287, decided in 1942, held that an ex parte judgment that only granted a divorce was entitled to full faith and credit in other states if one of the spouses was domiciled in the forum that granted the divorce judgment.

Non-resident motorist statutes and long-arm statutes in the tort and contract areas have been held to properly confer in personam jurisdiction provided the non-resident party sought to be bound had sufficient contact or public policy association with the forum state; and provided, of course, adequate notice and service of the pending action was accorded to the non-resident so as not to violate the due process rule of fundamental procedural fairness. See International Shoe Co. v. Washington, 326 U. S. 310 (1945).

In the instant case we hold that Mrs. Whitaker had sufficient connection with the State of Florida, by virtue of her residing there while married to Mr. Whitaker prior to his commencement of the divorce action, to confer subject-matter jurisdiction and personal jurisdiction of her in this Florida domestic relations action. We also hold that notice to her of the pending Florida action and service of process upon her were in compliance with procedural due process requirements.

The Wisconsin Supreme Court has upheld the validity of its domestic relations long-arm statute. See Dillon v. Dillon, 46 Wis. 2d 659 (176 NW2d 362) (1970).

The Supreme Court of Nevada has accorded full faith and credit to a California in personam domestic relations judgment rendered pursuant to extra-territorial personal service in accordance with the California statute. Mizner v. Mizner, 84 Nev. 268 (439 P2d 679), cert. den. 393 U. S. 847 (1968).

In a country comprising fifty state judicial systems plus the District of Columbia's system, in an age of great mobility of persons and families, and in an era of vastly increasing domestic relations litigation, it seems to this court that the minimum contacts concept of in personam jurisdiction is particularly suited, as a matter of practicality, to the resolution of issues raised in domestic relations litigation.

We hold in this case that there were sufficient contacts with the forum state to satisfy in personam jurisdiction, that procedural due process requirements were not violated, and that the Florida judgment is entitled to full faith and credit in the courts of this state.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 23, 1976.

*Wyatt, Wyatt & Solomon, John M. Wyatt, Barwick, Bentley & Binford, M. Cook Barwick, Gary L. Seacrest,* for appellant.

*Richter, Birdsong, Willis & Keeble, Horace E. Richter, Allen B. Keeble,* for appellee.