### 57690. HAIRE et al. v. EIDE.

BIRDSONG, Judge.

This is a suit to domesticate a Florida judgment. The plaintiff's motion for summary judgment was granted. The defendant has appealed. The following facts are not in conflict. The plaintiff and defendant, in February, 1961, were divorced by the Circuit Court of Collier County, Florida, a court which had jurisdiction over the subject matter and the parties. The docket number of the case was No. 1255. The final judgment ordered defendant to pay child support and medical expense for his minor children. In November, 1968, defendant moved to Georgia and resided initially in Miller County for a period of time and thereafter has continually resided in Decatur County.

On April 25, 1978, plaintiff filed a motion for contempt against defendant alleging the failure of defendant to pay child support and medical expense in the Circuit Court of Collier County. A hearing on the motion was scheduled for July 17, 1978. Defendant was personally served on May 2, 1978, in Decatur County, Georgia, with a copy of plaintiff's motion. Defendant did not appear in the Florida court. A judgment reflecting the original docket number, 1255, was entered on July 17, 1978, against defendant for $29,338.00 as arrearage in child support and medical expenses. On August 7, 1978, the present suit was filed in the Superior Court of Decatur County, Georgia. The defendant asserted as a defense a lack of personal jurisdiction of the Florida court, which he asserts rendered the July 17, 1978 judgment void. *Held:*

The courts of this state are required by the United States Constitution to give full faith and credit to the judgment of a sister state. Code § 1-401. A judgment in one state is conclusive upon the merits in every other state, but only if the court of the first state had jurisdiction. Williams v. North Carolina, 325 U. S. 226, 229 (65 SC

1092, 89 LE 1577). Georgia is authorized to make inquiry into the question of jurisdiction over the defendant before the 1978 Florida judgment would be entitled to full faith and credit. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53). The defendant has argued strenuously in his brief that the Florida court did not acquire jurisdiction over his person with respect to the 1978 judgment. This contention perhaps would be correct if this subsequent motion for judgment was a new and original action. In that event, we agree with defendant that personal jurisdiction over defendant would have to have been acquired under the Florida Long Arm Statute. See *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486). However, under the authority of the holding in *Albert v. Albert,* 86 Ga. App. 560 (71 SE2d 904), the correct posture of this case is that the proceeding in 1978 in the Florida court was merely a continuation of the original divorce proceeding over which the court had personal jurisdiction of defendant authorizing the in personam judgment for child support. The Florida court retained personal jurisdiction to enforce the child support and medical expense portion of the original divorce decree. No Florida law on this concept of continuing jurisdiction has been offered by defendant and it will be presumed that the Florida law is the same as the law of Georgia. *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443). Therefore, the *Albert* holding, supra, controls. The trial court correctly granted summary judgment to plaintiff.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED APRIL 5, 1979 — DECIDED MAY 14, 1979.

*James M. Pace, Jr.,* for appellants.
*Hodges & Erwin, William A. Erwin,* for appellee.