## 37094. BENTLEY v. BENTLEY.

UNDERCOFLER, Justice.

In this suit to domesticate a South Carolina divorce decree and to collect back child support by contempt, the trial court dismissed the wife's petition on the ground that South Carolina was without personal jurisdiction of the husband in rendering its judgment for child support. The wife stipulated that the husband was "personally served" in Georgia, i.e., a Richmond County sheriff handed him a summons, and argues that thereby the South Carolina court obtained personal jurisdiction. No hearing was held on the husband's domicile, nor was the law of South Carolina proved. We must assume South Carolina, like Georgia, has no domestic relations long arm statute similar to Florida's, which we recognized in *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486) (1976).

Although being handed a summons and complaint by a sheriff may satisfy the requirements of personal service, Code Ann. § 81A-104, it does not necessarily satisfy personal jurisdiction and venue requirements. *Otwell v. Otwell,* 228 Ga. 172 (184 SE2d 461) (1971). The husband was entitled to be sued where he was domiciled. Code Ann. § 30-107. On the record before us, we cannot say that the trial court erred in dismissing the wife's petition. *Otwell v. Otwell,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1981.

*Lee Ringler,* for appellant.

*Otis W. Harrison,* for appellee.