## 37678. HOUCK v. HOUCK.

SMITH, Justice.

Appellant is appellee's former husband. Under the 1976 divorce decree, custody of their two minor children was awarded to the wife and appellant was given "the right to visitation with said children in the residence of the Plaintiff between the hours of 1:00 o'clock, p.m. and 6:00 o'clock p.m., on Sundays of each week." Subsequent to the divorce, appellant moved to South Carolina, making it difficult for him to visit his children in accordance with the visitation provisions of the decree. In July 1980, appellant filed a motion in the Superior Court of Cobb County to modify visitation rights. See Code Ann. § 30-127(b). Appellee brought a counterclaim requesting an increase in child support. Appellant moved to dismiss the counterclaim on the ground that "the only way a final order in a divorce proceeding can be modified is by a completely new action." See Code Ann. § 30-220. The trial court denied the motion and certified the case for immediate review. We affirm.

In *Howerton v. Garrett,* 237 Ga. 371, 372-373 (228 SE2d 786) (1976), this court held as follows: "In this case the father was in Hall County Superior Court by virtue of having filed an original action there in the nature of habeas corpus; and the mother's counterclaim, in the nature of an original action permitted by the statute (Code § 30-220), was asserted against the nonresident father in the jurisdiction in Georgia which he was required by Georgia law to use in order to assert his claim of custody against the mother. In this situation the venue for the mother's child support claim was proper; the nonresident father had voluntarily submitted himself to the jurisdiction of the court in order to assert his claim; and in the interest of judicial economy, the mother was not and is not required to assert her claim by an independent and separate action against the father in Hall Superior Court." We find *Howerton* virtually indistinguishable from the case at bar. The trial court did not err in denying the motion to dismiss the counterclaim.

*Judgment affirmed. All the Justices concur. Weltner, J., not participating.*

DECIDED NOVEMBER 5, 1981.

*Cole & Cole, Charles A. Cole,* for appellant.
*B. Keith Rollins,* for appellee.