## 45022. HEATH v. HEATH.
(364 SE2d 272)

CLARKE, Presiding Justice.

We are called upon to determine whether a valid foreign divorce decree bars a Georgia action for alimony and property division when the Georgia party has no contacts in the foreign state. The trial court in this case dismissed the Georgia action and we affirm but conclude that the dismissal does not bar a new proceeding for alimony and property division in Georgia.

The parties married in 1983 and lived together in Georgia until they separated in 1985. The husband now lives in North Carolina and the wife resides in Clayton County, Georgia. The husband filed a divorce action in North Carolina in 1986, serving the wife by certified mail. She did not answer or otherwise submit herself to the jurisdiction of the court and has never lived in North Carolina. The action in

that state resulted in a divorce decree with no treatment being given to the issues of alimony or property division.

After the filing of the North Carolina suit, but before the entry of the decree, the wife filed an action in Georgia praying for divorce, alimony and property division. The Georgia trial court granted the husband's motion to dismiss on the grounds that the North Carolina divorce bars a divorce action in Georgia. The court's order specifically says the dismissal is with prejudice.

We agree that the North Carolina decree is entitled to full faith and credit and that the issue of divorce is moot and should be dismissed. We do not, however, agree that the North Carolina divorce action bars a suit for alimony and property division in Georgia. If a foreign court has in personam jurisdiction over the defendant, it may adjudicate property rights such as alimony, child support, and title to real property. *Whitaker v. Whitaker*, 237 Ga. 895 (230 SE2d 486) (1976). Such a right is afforded by our domestic long-arm statute under OCGA § 9-10-91 (5) provided the defendant has had sufficient minimum contacts with the state. From the record it appears that because of husband's contacts with the state and wife's residency the Georgia court has in personam jurisdiction over both parties and may decide their property rights. OCGA § 19-6-27 allows a Georgia resident to pursue a claim for alimony after a divorce has been granted in another state under certain circumstances. The facts in this case appear to meet those circumstances. For this reason, the dismissal of the claim for alimony and property division should be without prejudice. We therefore remand the case to the trial court for an order of dismissal consistent with this opinion so as to preserve the rights of the wife to proceed under the provisions of OCGA § 19-6-27.

*Judgment affirmed in part, reversed in part and remanded. All the Justices concur.*

DECIDED FEBRUARY 4, 1988.

*Cowen & Cowen, Martin L. Cowen III,* for appellant.
Charles Edward Heath, *pro se.*