S91A0822. HILDEBRANT v. HILDEBRANT.
(409 SE2d 206)

BELL, Justice.

This appeal stems from our grant of an application to appeal filed by the appellant, Clay Hildebrant. The appeal raises several issues concerning whether a Texas divorce judgment obtained by Mr. Hildebrant is subject to full faith and credit in this State. The trial court found that the Texas judgment was not entitled to full faith and credit, but we find that it is and reverse.

The parties married in 1978, and lived in Georgia from February 1982 to October 1989, when they moved to Texas. The parties cohabited about two weeks in Texas before separating. Several weeks thereafter, Mrs. Hildebrant moved back to Georgia, while Mr. Hildebrant remained in Texas.

On March 14, 1990, Mr. Hildebrant filed a divorce action in Texas. Mrs. Hildebrant was personally served in Georgia with the divorce petition, but failed to answer. A default judgment was entered against her on May 5, 1990. Mrs. Hildebrant then filed a motion for new trial, which after a hearing was denied.

On May 9, 1990, Mrs. Hildebrant filed a divorce petition against Mr. Hildebrant in Georgia. Mr. Hildebrant moved to dismiss Mrs. Hildebrant's action, contending the Texas divorce judgment was entitled to full faith and credit in Georgia, and should bar Mrs. Hildebrant's divorce action.

In response to the motion to dismiss, Mrs. Hildebrant asserted two reasons that the Texas judgment was not entitled to full faith and credit. First, relying on Tex. Fam. Code Ann. § 3.21 (Vernon 1975), which provides that a divorce suit may not be maintained unless the plaintiff has been a resident of the state for the preceding six months, she contended that the Texas court did not have subject-matter jurisdiction over the divorce case, as Mr. Hildebrant had not been a resident of Texas for six months when he filed for divorce. Second, she contended that the Texas judgment was null because the Texas court had violated due process by exercising personal jurisdiction over her.

The trial court denied Mr. Hildebrant's motion, holding that the Texas judgment was null because Mr. Hildebrant had failed to meet the Texas residency requirement. We reverse.

1. We agree with Mr. Hildebrant's contention that the trial court erred in concluding that the Texas judgment is null for failure of Mr. Hildebrant to meet the six-month residency requirement for maintaining a divorce in Texas. Under Texas law the residency requirement is not jurisdictional, *McCaskill v. McCaskill*, 761 SW2d 470, 472 (5) (Tex. App., Corpus Christi 1988); *Svensen v. Svensen*, 629 SW2d 97, 98 (1) (Tex. App., Dallas 1981), and the trial court therefore erred in concluding the Texas judgment was not entitled to full faith and credit on the ground Mr. Hildebrant had not met the residency requirement.

2. Mrs. Hildebrant argues that, aside from the residency requirement, the Texas divorce decree is not entitled to full faith and credit because, she contends, the Texas court violated due process by exercising jurisdiction over her.[1] Mrs. Hildebrant is correct that if the Texas court acted without personal jurisdiction, the Texas judgment is not entitled to full faith and credit in Georgia. *Signet Bank/Virginia v. Tillis*, 196 Ga. App. 433, 435 (396 SE2d 54) (1990); *Whitaker*

---

[1] Because of its ruling on the residency requirement, the trial court did not address Mrs. Hildebrant's contention regarding personal jurisdiction.

*v. Whitaker*, 237 Ga. 895, 897-898 (230 SE2d 486) (1976). However, we conclude that Mrs. Hildebrant's move to Texas and establishment of a marital residence there, though for a short time, constitute sufficient minimum contacts with Texas such that the Texas court's exercise of jurisdiction over her satisfies the requirements of due process. See *Whitaker*, supra, 237 Ga. at 897-898; *Straus v. Straus*, 260 Ga. 327, 328-329 (2) (393 SE2d 248) (1990).

3. Relying on *Heath v. Heath*, 257 Ga. 777, 778 (364 SE2d 272) (1988), Mrs. Hildebrant contends that, even if the Texas judgment is entitled to full faith and credit, she is entitled to seek alimony in Georgia. We disagree. *Heath* supra, 257 Ga. at 778, was based on OCGA § 19-6-27, which provides that if a person who resides in a state other than Georgia obtains a divorce in that state from his or her spouse, and if the spouse is a resident of Georgia and was not personally served with the divorce petition, the Georgia spouse may, if certain other conditions are satisfied, file an action for permanent alimony in Georgia. OCGA § 19-6-27, however, is of no avail to Mrs. Hildebrant, as she was personally served with the Texas divorce petition.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*J. Curtis Hanks*, for appellant.
*Alembik, Fine & Callner, Bruce W. Callner*, for appellee.