### S96A0487. YOUNT v. MULLE.
(470 SE2d 647)

HINES, Justice.

This appeal is from the latest salvo in this continuing dispute between former spouses Cathy Reese Yount and Charles Mulle, Jr. over the custody and support of their minor son.[1] We granted Yount's application to appeal to address whether the trial court erred in granting Mulle's motion to dismiss for lack of personal jurisdiction

---

[1] The history of the parties' nearly decade of domestic litigation began in May 1987 with the award of a final decree of divorce in Tennessee. The decree awarded joint legal custody of the son with physical custody to the mother and reasonable visitation privileges to the father. In November 1987, the mother remarried and moved with the child to Chatham County, Georgia. The father remained domiciled in Tennessee. Over the next three years, the Tennessee court issued a half dozen orders regarding petitions for modification of custody and visitation and contempt. On January 29, 1991, the mother filed in Chatham County a petition for modification of custody and visitation, seeking sole permanent custody of the child. The father moved to decline jurisdiction and to dismiss the complaint on the basis that the Tennessee court retained jurisdiction. The Superior Court of Chatham County denied the father's motion and assumed jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq. It concluded that Georgia was the child's "home state" as defined by OCGA § 19-9-42 (5), and modified the Tennessee custody award with respect to the father's visitation privileges. The Court of Appeals vacated the judgment on the basis that the superior court failed to make a requisite finding of jurisdiction and remanded the case to that court for a determination of whether the Tennessee court was without jurisdiction or had declined to exercise it. *Mulle v. Yount*, 204 Ga. App. 876 (420 SE2d 776) (1992).

Subsequently, the superior court found that Tennessee no longer had jurisdiction of custody matters involving the child and entered an order denying sole custody to the mother, modifying certain terms of the father's visitation and support obligations, and directing that the parties abide by all other terms of the 1987 Tennessee decree. The judgment of the superior court was affirmed by the Court of Appeals. *Mulle v. Yount*, 211 Ga. App. 584 (440 SE2d 210) (1993).

Yount's counterclaim for modification of child support filed in response to Mulle's petition for modification of visitation and custody rights. We conclude that the court erred in dismissing the counterclaim based on the lack of personal jurisdiction, and reverse.

The father, a Tennessee resident, filed the present petition for modification of visitation and custody rights on June 15, 1995. It was premised on the mother's plans to relocate and move with the child to North Carolina. At the time of filing, the mother and son were Chatham County residents.[2] The mother answered the petition and filed a counterclaim for a modification of the husband's child support obligation based on an alleged substantial increase in the husband's income and/or financial condition. Relying on *Riggio v. Lawson*, 204 Ga. App. 774 (420 SE2d 613) (1992), the Superior Court of Chatham County concluded it did not have jurisdiction over the father for the purposes of the mother's counterclaim.

The superior court misapplied *Riggio*. That case, involving an out-of-state defendant and an incident occurring in a foreign country, merely applied the well worn principles of *Intl. Shoe Co. v. Washington*, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945) to find that the defendant lacked sufficient minimum contacts with Georgia to subject her to suit in this state. The fact that defendant Riggio filed a counterclaim in response to the Georgia action did not alter this. Riggio asserted the defense of lack of personal jurisdiction under OCGA § 9-11-12 (b) (2) and included the compulsory counterclaim within her jurisdictional challenge. This was a far different situation.

Here, the party contesting personal jurisdiction of the Georgia court is the plaintiff, who made the purposeful choice to avail himself of the courts of this state. Compare *Kemp v. Sharp*, 261 Ga. 600 (409 SE2d 204) (1991). Having invoked this state's jurisdiction to attempt to accomplish his ends, he could not then renounce it for a related cause unfavorable to him. See *Gaither v. Gaither*, 206 Ga. 808 (58 SE2d 834) (1950). The fact that the UCCJA may have prescribed that, at the time, Mulle bring the action for modification in Georgia[3] does not alter this. See *Howerton v. Garrett*, 237 Ga. 371 (228 SE2d 786) (1976); *Houck v. Houck*, 248 Ga. 419 (284 SE2d 12) (1981).

By filing the present petition for modification of custody and visitation, Mulle subjected himself to the jurisdiction of the Georgia court for the purpose of his ex-wife's counterclaim for increased child

---

[2] On August 25, 1995, Mulle also filed in the Superior Court of Chatham County a motion for contempt against Yount alleging her wilful violation of custody and visitation orders issued by the Tennessee and Georgia courts. By the time of this filing, Yount and the parties' son had relocated to North Carolina.

[3] Under the UCCJA, jurisdiction for modification of child custody matters generally is in the home state of the child.

support. The superior court erred in concluding otherwise.[4]
*Judgment reversed. All the Justices concur.*

DECIDED MAY 28, 1996.

*George M. Hubbard III,* for appellant.
*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr.,* for appellee.

---

[4] The question of whether or not the Georgia court retains jurisdiction of either the petition for modification of custody or for support is not before us.