## A02A2012. BAROLIA v. PIRANI.

(580 SE2d 297)

BARNES, Judge.

Shafique Pirani filed a complaint against Laila Jummabhai Barolia in the Superior Court of Cobb County, seeking to domesticate a Texas divorce decree and to adjudicate the parties' property distribution. In her answer, Barolia, a Texas resident, admitted jurisdiction and counterclaimed for an equitable division of property and for breach of contract. Pirani moved for partial summary judgment on Barolia's counterclaim, and following oral argument, the trial court dismissed the complaint and the counterclaim with prejudice, which made Pirani's motion for summary judgment moot. The court held that the existence of the Texas divorce decree prohibited the parties from pursuing property division in Georgia, and further held that venue did not appear to be properly established. For the reasons that follow, we reverse.

In a section entitled "Division of Marital Estate," the parties' Texas divorce decree provides that "the Petitioner [(Barolia)] has not waived her right, if any, to bring action in contract in Texas or Georgia on the instrument signed February 1, 1997 and that the Petitioner does not waive her right to an action on the division of property which should be brought in the State of Georgia." The February 1, 1997 instrument is a document signed by both parties pursuant to a Muslim marriage ceremony they underwent after their civil marriage ceremony, in which Pirani agreed to pay Barolia $25,000 "in accordance with the tenets" of their religion.

In his Cobb County complaint against Barolia, Pirani asserted that the Texas divorce decree reserved the issue of property division, which he sought to have resolved. Barolia admitted jurisdiction in her answer and counterclaimed against Pirani, also seeking an equitable property division and further alleging Pirani had breached the February 1, 1997 contract by failing to pay her $25,000. Accordingly, both parties have submitted to the Georgia court's jurisdiction, and both parties seek an equitable property division. Pirani disputes that the parties' February 1, 1997 contract is subject to review by the court, arguing that it is a religious contract that can only be reviewed by a religious body.

1. First, we note that neither party has contested jurisdiction or venue. Further, while the record does not establish Pirani's residence, he filed the initial complaint in Cobb Superior Court, thus submitting himself to that court's jurisdiction. *Yount v. Mulle*, 266 Ga. 729, 730 (470 SE2d 647) (1996); *Global Fibers v. Foster*, 207 Ga. App. 1, 2 (1) (427 SE2d 3) (1992). Finally, Barolia not only admitted jurisdiction, she further subjected herself to jurisdiction by filing a counterclaim against Pirani. "Where a defendant pleads to the mer-

its without excepting to the jurisdiction of the court, he thereby waives any objection to the jurisdiction of his person." (Punctuation omitted.) *Moody v. Mendenhall*, 238 Ga. 689, 691 (2) (234 SE2d 905) (1977).

Contrary to the trial court's order, OCGA § 19-6-27 is not applicable to this case. That Code section allows a resident spouse to pursue an action for alimony or child support against a nonresident spouse who obtained a divorce decree in another state without personally serving the resident. See *Heath v. Heath*, 257 Ga. 777, 778 (364 SE2d 272) (1988). The action before us does not involve alimony or child support, but the equitable division of marital assets, which is not addressed by OCGA § 19-6-27 and which the trial court in the Texas final divorce decree specifically did not adjudicate.

Further, the cases cited by the trial court for the proposition that property not specifically identified in a divorce decree remains titled to the original owner are also not applicable to the case at bar. In *Newborn v. Clay*, 263 Ga. 622 (436 SE2d 654) (1993), for example, the parties' divorce decree included a provision that all marital property had been divided; the Supreme Court affirmed summary judgment to the ex-wife and a subsequent real property buyer in the ex-husband's suit seeking a quitclaim deed, finding that because the property was not specifically described in the decree, title remained with the husband and wife as tenants in common.

The Supreme Court in *White v. Lee*, 250 Ga. 688, 690 (2) (300 SE2d 517) (1983), another case cited by the trial court, held that "where matters of alimony and property interests between the parties are decided in a divorce, by consent or otherwise, OCGA § 9-12-40 [(conclusiveness of judgments)] operates to bar subsequent litigation between co-tenants of a claim for rents which accrued prior to the divorce." Finally, in *Cale v. Cale*, 242 Ga. 600, 601 (1) (250 SE2d 467) (1978), the Supreme Court held that a judgment entered on a jury verdict was not ambiguous, and that "title to property, including jointly owned property, not described in the verdict and judgment is unaffected by the divorce decree and remains titled in the name of the owner or owners before the decree was entered."

Unlike the facts in these three cases, the parties here do not seek to have the trial court clarify or alter their previous divorce decree, but rather to have the court decide issues that were specifically reserved by the Texas court. Trial courts in this State also used to follow the practice of granting a final decree while reserving issues of property division. See, for example, *Stokes v. Stokes*, 246 Ga. 765, 766 (1) (273 SE2d 169) (1980).

Therefore, the trial court erred in concluding "it did not have the requisite authority to adjudicate the parties' respective claims at bar including equitable property division and breach of contract."

2. While the trial court held that, under OCGA § 9-10-93,[*] venue did not appear to be properly established in this case, our review of the record does not reveal any evidence regarding venue except for Barolia's representation in her brief that Pirani, the defendant in counterclaim, resides in Cobb County, and that the bulk of the marital assets were located in DeKalb County.

We do not address Pirani's motion for partial summary judgment on Barolia's counterclaim regarding the pre-marriage contract between the parties, because the trial court found it to be moot and did not rule on it. We therefore reverse the dismissal for lack of jurisdiction and venue and remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded with direction. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 25, 2003.

*Stanley W. Schoolcraft III*, for appellant.
*Vicky L. Norrid, Linda J. Spievack*, for appellee.

---

[*] OCGA § 9-10-93 provides that venue is proper against nonresidents "in any county wherein a substantial part of the business was transacted, the tortious act, omission, or injury occurred, or the real property is located."