S10A2070. DAVIS v. DAVIS.

(700 SE2d 404)

NAHMIAS, Justice.

In 1996, the parties divorced in Louisiana, a community property state. The divorce decree did not partition the marital estate, leaving each party with an undivided one-half interest in the property owned by the couple. See La. Civ. Code Ann. § 2336 ("Each spouse owns a present undivided one-half interest in the community property. . . ."); *Wallack v. Wallack*, 211 Ga. 745, 748 (88 SE2d 154) (1955) (stating, in an equity case based on an accounting, that "where community property is not disposed of in a divorce between the parties, or is not referred to in the decree, or put in issue by the pleadings, the former husband and wife become as to such property tenants in common").

Appellee later moved to Georgia, and in 2008, Appellant filed a complaint against him in Liberty County Superior Court seeking the imposition of a constructive trust on her interest in his military retirement benefits. See *Warner v. Warner*, 651 So.2d 1339, 1340 (La. 1995) (holding that a former spouse is a proportionate owner of the other spouse's future military retirement pay and is thus entitled to one-half of the percentage of such pay representing the number of military marriage years relative to the total length of military service). Appellant subsequently amended the complaint to seek domestication of the Louisiana divorce decree as well. The trial court dismissed the action, and Appellant filed a notice of appeal to the Court of Appeals. The Court of Appeals transferred the appeal here

based on this Court's jurisdiction over all divorce and alimony cases and all equity cases. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2) and (6).

However, this is not a divorce and alimony case. The parties have been divorced for 14 years, and the divorce decree left title to the community property owned by the couple where it stood. See *Cale v. Cale*, 242 Ga. 600, 601 (250 SE2d 467) (1978) ("[T]itle to property, including jointly owned property, not described in the verdict and judgment is unaffected by the divorce decree and remains titled in the name of the owner or owners before the decree was entered."). Appellant challenges the resulting allocation of the retirement benefits property, but her rights depend not on the divorce decree but rather on property law. "[T]he parties here do not seek to have the trial court clarify or alter their previous divorce decree," but rather to have the court decide issues that were left unresolved by the Louisiana court. *Barolia v. Pirani*, 260 Ga. App. 513, 514 (580 SE2d 297) (2003).

The underlying cause of action is to partition personal property in the form of retirement benefits. See OCGA § 44-12-1 (authorizing suit to partition personal property); *Wallack v. Wallack*, 211 Ga. at 746 (authorizing equitable partition of personal property where divorce decree did not divide the community property); *Barolia v. Pirani*, 260 Ga. App. at 514 (same). See also *Reeves v. Newman*, 287 Ga. 317, 319, n. 2 (695 SE2d 626) (2010) (" '[A] constructive trust is a remedy created by a court in equity to prevent unjust enrichment . . . , not an independent cause of action . . . .' " (citation omitted)). Thus, this is a property dispute, not a divorce and alimony case. See *Larimer v. Larimer*, 249 Ga. 500, 500 (292 SE2d 71) (1982) (stating, in a title to land case based on equitable partition of real property, that "[a]lthough it had its roots in the parties' divorce action, the action for an equitable partition was a new action and not merely a continuation of the divorce action").

Appellant's complaint, as amended, seeks to domesticate the Louisiana judgment, but a suit to domesticate a foreign divorce decree also is "not a divorce or alimony case within the meaning of our Constitution." *Lewis v. Robinson*, 254 Ga. 378, 378 (329 SE2d 498) (1985). Moreover, because the property to be partitioned is personal property and not real property, the case does not fall within our jurisdiction over cases involving title to land. Compare *Ononye v. Ezeofor*, 287 Ga. 201, 201 (695 SE2d 234) (2010) (reiterating that where real property is involved, actions for both equitable partition and statutory partition come under this Court's title to land jurisdiction).

This is not an equity case either. In its transfer order, the Court of Appeals pointed out that we have previously described a construc-

tive trust as " " " "a remedial device created by a court of equity to prevent unjust enrichment," " " " and noted that we had "given no indication that cases involving constructive trusts are not within [our] equity jurisdiction." (Quoting *Eason v. Farmer*, 261 Ga. 675, 676 (409 SE2d 509) (1991) (citation omitted)). However, we recently clarified that "imposition of an implied [or constructive] trust as an equitable remedy does not automatically trigger this Court's jurisdiction." *Reeves v. Newman*, 287 Ga. at 319. Where, as here, the issues raised on appeal are legal in nature and do not relate to the propriety of the constructive trust itself, appellate jurisdiction lies in the Court of Appeals. See id. at 318-319. This is so because cases in which the grant or denial of equitable relief was "merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues were resolved, are not 'equity cases.' " *Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991). For the same reason, an action to partition personal property is generally not an equity case. See *English v. Poole*, 31 Ga. App. 581, 581 (121 SE 589) (1924) ("The Supreme Court, in transferring this bill of exceptions to this court, has in effect held that questions only of legal and not of equitable jurisdiction were involved in this partition proceeding, brought by one owning jointly or in common with another the chose in action or monies on deposit in a bank, represented by its cashier's check made payable to the order of both parties.").

Thus, this is not a divorce and alimony case, an equity case, or a case involving title to land. No other basis appears for jurisdiction in this Court. Accordingly, the appeal is hereby returned to the Court of Appeals.

*Returned to the Court of Appeals. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Louie B. Hendricks*, for appellant.
*John E. Pirkle*, for appellee.