## A10A2195. DAVIS v. DAVIS.
(713 SE2d 694)

SMITH, Presiding Judge.

This is an action in equity seeking imposition of a constructive trust on a one-half interest in community property, later amended to an action seeking to domesticate a foreign judgment. The property was allegedly acquired during a marriage that ended in divorce in Louisiana in 1996. The trial court sat as the finder of fact; it took evidence and heard testimony from both parties concerning the divorce, their alleged settlement agreement, and the property at issue. It concluded that the petitioner, the former wife, failed to exercise reasonable diligence in pursuing her equitable claim and dismissed the petition. Because the trial court did not abuse its discretion in so concluding, we affirm.

This case has a convoluted history on appeal. The trial court, in accordance with the procedure outlined in *Troup v. Loden*, 266 Ga. 650, 651 (2) (469 SE2d 664) (1996), addressed the "factual defense" of laches by "sitting as a chancellor in equity, and without the intervention of a jury to hold an evidentiary hearing and issue findings of fact." (Punctuation omitted.) Id. The trial court concluded that Mrs. Davis had failed to exercise reasonable diligence in pursuing her claim and dismissed the petition. She appealed to this court, which transferred the case to the Georgia Supreme Court on the basis that the claim arose from the parties' divorce as well as equity and was thus within the Supreme Court's jurisdiction. The Supreme Court, in a published opinion, returned the case to this court, concluding that the claim did not arise from the divorce and was not an equity case because the equitable remedy was "merely ancillary to underlying issues of law." (Punctuation omitted.) *Davis v. Davis*, 287 Ga. 897, 899 (700 SE2d 404) (2010).[1] We now address the merits.

The Davises were divorced in Louisiana in 1996. Louisiana is a

---

[1] The Supreme Court has also held that the defense of laches does not invoke its jurisdiction. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 748 (3) (524 SE2d 464) (1999).

community property state, *Davis*, supra, 287 Ga. at 897, but the judgment of divorce is silent as to the division of any community property. Mrs. Davis was served with the pleadings but filed no answer, and judgment was entered on the default. In 2008, she filed this action seeking equitable relief in the form of a constructive trust as to certain real estate and Mr. Davis's military pension. Mr. Davis asserted a plea of laches and moved to dismiss the petition. At a hearing on the motion to dismiss, the trial court took evidence and heard testimony from both Mr. and Mrs. Davis. The parties were cross-examined, and the trial court questioned Mrs. Davis.

Mrs. Davis testified that she and Mr. Davis discussed his pension as part of their divorce. She asserted that they reached a verbal agreement that she would receive $550 per month from his pension for life or until she remarried. She acknowledged that she received a copy of the divorce decree, however, and "it's not in there." When questioned regarding her failure to act on this omission, she testified:

Q. All right. And — so you objected to the papers. You acknowledged service. Is that what you're saying?

A. I acknowledged the service, sir, and with that paper I let him know what I wanted from the divorce, but when I got it, it was not there. He agreed to it, what I wrote on the paper, but when I got the actual divorce, I mean, acknowledgement, it was not there what I wanted. I listed the things I wanted, but he did not put it on there.

Q. You did not file a response. You never filed an answer to the Court to let the Court know what you wanted.

A. I thought he was a gentleman and would do the right thing.

Q. Just answer my question, ma'am.

A. No, I did not, sir.

Q. Never filed a response to ask for anything.

A. No, sir, I did not.

Mrs. Davis expected the payments to start in February 2003, upon Mr. Davis's retirement. She testified that he began making only sporadic payments beginning in November 2004, stopping for a period in 2004 and again in 2006. A witness from the Defense Finance Accounting Services, however, testified that regular monthly payments of $400 were made to Mrs. Davis "for the period of January 2004 through March 2006." These were not in the form of an "allotment" with a start-stop date, or a designated share of Mr. Davis's pension, but discretionary payments from his retirement

account at his direction.

Mr. Davis testified that these payments were not a property settlement of a share of his pension, but the result of his agreement to assist with their son's college education. He later discovered that the son was not attending college, however, so he stopped the payments, and the son had to pay the money back. Mrs. Davis acknowledged that the son went to college for one semester but "stopped going December, 2003." She contended that she asked for $550 as her share of the pension, but Mr. Davis would only pay $400, and that she thought she sent him an e-mail and that they discussed the amount. She did not produce any e-mail or other writing. Mr. Davis denied having discussed any pension amount with her. After the payments stopped in March 2006, Mrs. Davis did not bring this action until February 2008.

The trial court specifically found that the action was brought in equity and that the law of Georgia rather than that of Louisiana applied. We agree, for two reasons. First, neither party pled or proved Louisiana law in proper form. See OCGA §§ 24-7-24, 9-11-43 (c). The requirement that the parties give notice and thereafter prove the law of another state was instituted "to give both the court and opposing party adequate preparation time for the litigation of the foreign law issue. [Cits.]" *Samay v. Som*, 213 Ga. App. 812, 814 (2) (a) (446 SE2d 230) (1994). In the absence of notice or proof of foreign law, Georgia law applies. *Giarratano v. Glickman*, 232 Ga. App. 75 (501 SE2d 266) (1998). Compare *Wallack v. Wallack*, 211 Ga. 745 (88 SE2d 154) (1955), cited by the Georgia Supreme Court in its transfer order, in which the parties properly pled the community property laws of Texas: "The community-property law of Texas being pleaded, the rights of the parties as to the personal property involved in this case will be determined by the pleaded statutes of Texas and the construction placed on such statutes by the courts of that State. [Cits.]" Id. at 747 (1).

Even if we were to apply the laws of Louisiana, however, this action is foreclosed because Louisiana provides a specific, exclusive statutory scheme for the division of community property, and the parties have failed to comply with the provisions of that statute. La. Civ. Code. Ann. art. 2369.8 provides: "A spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null. If the spouses are unable to agree on the partition, either spouse may demand judicial partition *which shall be conducted in accordance with R.S. 9:2801.*" (Emphasis supplied.) That statute establishes a mandatory, detailed process for the resolution of community property claims and claims "arising from matrimonial regimes," requiring that the parties file a motion and "a sworn detailed descriptive list of all community property, the

fair market value and location of each asset, and all community liabilities." La. Rev. Stat. Ann. § 9:2801 (A) (1) (a). The statute further provides for traverse of the list, appointment of experts, amendment, summary procedure, and the partition of the property according to enumerated, detailed principles of law. See La. Rev. Stat. Ann. § 9:2801 (A) (2), (3), (4).

*Golden v. Waterhouse*, 953 S2d 927 (La. Ct. App. 2007), demonstrates the proper method for resolution of this dispute. The parties brought an action to partition community property under La. Rev. Stat. Ann. § 9:2801 in the Louisiana district court, and the trial court granted the respondent's Exception of Lack of Jurisdiction and dismissed the petition. The Court of Appeal of Louisiana, citing the trial court's continuing jurisdiction, reversed the trial court's grant of the Exception for Lack of Jurisdiction and dismissal, although neither party was a resident of Louisiana at the time of the petition and the judgment of divorce had been entered 11 years before the petition was filed. Id. at 928, 929. Here, Mrs. Davis failed to comply with the Louisiana statute, and in fact originally alleged that her petition was to impose a constructive trust under former OCGA § 53-12-93 [now OCGA § 53-12-132], although she later amended her petition to assert that it was a complaint "to domesticate a foreign judgment as shown." Neither she nor Mr. Davis ever asserted, pled, or relied upon the Louisiana Civil Code or the relevant statute providing for a division of community property according to that state's law.[2]

During the litigation below, Mrs. Davis filed an amendment to her complaint, restyling the complaint "To Domesticate Louisiana Judgment of Divorce" and stating that the amendment was "towards clarifying that it is to domesticate a foreign judgment as shown."[3] But this amendment is of no avail, because OCGA § 9-3-20 provides: "All actions upon judgments obtained outside this state, except judgments for child support or spousal support, or both, shall be brought within five years after such judgments have been obtained." See *Eickhoff v. Eickhoff*, 263 Ga. 498 (435 SE2d 914) (1993) (divorce decree), overruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000) ("whenever the

---

[2] Louisiana law presents unique challenges for the practitioner unfamiliar with its venerable civil code, based upon the Code Napoléon and having its own interpretive process distinct from that applied at common law. *Delaune Estate v. United States*, 143 F3d 995, 1002 (IV) (B) (2), n. 6 (5th Cir. 1998). "[U]nder the Louisiana Law Civil, the past is not dead; . . . the past will not die; and . . . , indeed, the past is not even past." Id. at 998.

[3] Mrs. Davis's specific claim or claims are somewhat confusing. Her amended complaint appears to abandon her original cause of action and rely entirely upon the decree of divorce. This does not, however, cure her failure to comply with La. Rev. Stat. Ann. § 9:2801, nor does it address the statute of limitation on the domestication of foreign judgments.

grant or denial of equitable relief is ancillary to an underlying issue of law, the appeal is not within the Supreme Court's equitable jurisdiction.").

The issue before us, therefore, is whether the trial court, sitting in equity, correctly determined under Georgia law that Mrs. Davis "failed to exercise reasonable diligence in the underlying divorce action."

> In determining whether laches should apply, courts consider the length of the delay, the sufficiency of the excuse, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay. The defendant must show prejudice from the delay.

(Citations and footnotes omitted.) *Troup*, supra, 266 Ga. at 651 (1).

> In determining what constitutes laches, each case must be determined according to its particular circumstances. Additionally, the question of laches is addressed to the sound discretion of the trial court, and on appeal the exercise of that discretion will not be disturbed unless it is so clearly wrong as to amount to an abuse of discretion. We have held that a party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them. We have also noted that a factor in determining laches is the sufficiency of the excuse offered in extenuation of the delay.

(Citations, punctuation and emphasis omitted.) *McClure v. Davidson*, 258 Ga. 706, 708 (2) (373 SE2d 617) (1988). And the statute governing constructive trusts, upon which Mrs. Davis relied in her original complaint, provides that "the person claiming the beneficial interest in the property may be found to have waived the right to a constructive trust by subsequent ratification *or long acquiescence.*" (Emphasis supplied.) OCGA § 53-12-132 (b).

Furthermore,

> [a] court of equity will not act unless it is shown that the party seeking relief has exercised reasonable diligence. In this case the plaintiff was under a positive legal duty to file promptly with the court . . . , and not having done so when ample time was available, [s]he is not entitled to the relief sought in this court.

(Citations and punctuation omitted.) *Vinson v. Citizens & Southern*

*Nat. Bank*, 223 Ga. 54, 55-56 (153 SE2d 436) (1967). *Vinson* cites the former equity Code sections now codified as OCGA § 23-2-29 (Ga. Code Ann. § 37-211) (if party's reasonable diligence could have revealed truth, equity shall not grant relief) and OCGA § 23-2-32 (Ga. Code Ann. § 37-212) (negligence of complaining party preventing relief in equity is want of reasonable prudence in violation of legal duty). See also OCGA § 23-1-25 (laches). The trial court relied upon *Vinson* in making its ruling.

Mrs. Davis's testimony provides ample basis for the trial court's conclusion that she slept upon her rights, whether in connection with the divorce action itself or her conduct in the 12 years intervening between the decree and this action. She testified that the alleged settlement agreement was supposed to have been incorporated in the divorce decree, but she failed to take any action to remedy that omission for 12 years. And, under Louisiana law, the court in which the decree of divorce was issued retains "continuing jurisdiction over the subject matter and the parties until final resolution" of retirement or other deferred employment benefits. La. Rev. Stat. Ann. § 9:2801 (B). She took no action for five years after she contended the pension payments became due under the alleged settlement agreement but were not paid. She still failed to act when the payments she alleges were made under that agreement were reduced in amount and paid only sporadically. Finally, she waited an additional two years after the alleged pension payments stopped completely to bring this action. Under these circumstances, we cannot say that the trial court abused its discretion in ruling that Mrs. Davis failed to exercise reasonable diligence to preserve her claim in equity. *McClure*, supra, 258 Ga. at 708 (2).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 6, 2011.

*Louie B. Hendricks*, for appellant.
*John E. Pirkle*, for appellee.