## 58682. SIMPSON v. APPLEGARTH SUPPLY COMPANY, INC.

CARLEY, Judge.

Appellee filed a complaint in the State Court of DeKalb County naming as defendants Atlanta Mechanical Contractors, Inc., and appellee E. W. (Bill) Simpson. The suit was based upon open account and sought judgment against both defendants jointly and severally. The defendants filed a joint answer denying the material allegations of the complaint. The answer was separately verified by E. W. Simpson, individually, and by E. W. Simpson, as president of Atlanta Mechanical Contractors, Inc.

Subsequently, the appellee's attorney filed a set of 76 interrogatories which were entitled "Plaintiff's First Interrogatories to Atlanta Mechanical Contractors, Inc." Underneath the caption appeared the following: "To: Atlanta Mechanical Contractors, Inc., and its attorney of record . . ." Also on the first sheet of the interrogatories was a notice and certificate stating that the attorney for the plaintiff therewith served the interrogatories "upon the defendant Atlanta Mechanical Contractors, Inc." There is no dispute that these interrogatories were served upon the attorney of record for defendant Atlanta Mechanical Contractors, Inc. These interrogatories were

not answered within the time allowed by law and appellee filed a motion to compel discovery alleging service "upon the defendant Atlanta Mechanical Contractors, Inc." of the interrogatories, stating that the "defendant has failed to answer, object to, or otherwise respond to said interrogatories within the time allowed by law" and praying for an order compelling answers pursuant to § 37 of the Civil Practice Act. A rule nisi was issued setting a hearing and directing that a copy of the motion and rule nisi "be served upon the defendant's attorneys . . ." Again it is not disputed that the attorneys who were representing both defendants did receive a copy of this motion and rule nisi. At the hearing, no appearance was made on behalf of the defendants and the trial judge entered an order striking the answer filed on behalf of both defendants and awarding judgment to plaintiff in the amount alleged in the complaint against *both* defendants. Appellant E. W. Simpson, individually, has appealed from this order. Defendant Atlanta Mechanical Contractors, Inc., has filed no appeal and the ruling against it is not before us.

It is true that under Code Ann. § 81A-137 (d) even the ultimate sanction of dismissal may be granted without a preliminary order compelling discovery in a case where a party served with interrogatories *totally* fails to respond to the interrogatories. *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436 (254 SE2d 825) (1979). However, no interrogatories were ever directed to or served upon appellant in this case and, therefore, appellant, in his capacity as a party, was under no duty to answer the interrogatories. It follows that the sanctions of Code Ann. § 81A-137 (d) cannot be applied against appellant as a party. The mere fact that appellant was also an officer of the corporate defendant furnishes no justification for an order striking the pleadings of and entering default against appellant as a party, and such action by the trial judge constitutes reversible error.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED FEBRUARY 13, 1980.

*A. J. Block, Jr., Gary M. Goldsmith,* for appellant.
*William T. Payne,* for appellee.