A90A0442. EASON v. BOWIE et al.
(395 SE2d 600)

CARLEY, Chief Judge.

After appellee-plaintiffs filed suit, two attempts at personal service were made by leaving a copy of the summons, complaint and attached interrogatories with non-resident adults at appellant-defendant's residence. Thereafter, appellees moved the trial court for the appointment of a special process server, on the ground that, "[d]espite the best efforts of the Sheriff, [appellant] has not been served." The trial court granted the motion and, according to the return of service, the special process server personally served the summons and complaint on appellant on December 7, 1988. However, the return of service did *not* indicate that any interrogatories had also been personally served on appellant, even though the return of service form contained a space wherein the service of interrogatories could

have been noted. Appellant filed a timely answer to the complaint within 30 days of December 7, 1988. However, when no answers to the interrogatories were forthcoming within 45 days, appellees moved to strike appellant's answer and enter default judgment in their favor. The trial court granted appellees' motion and it is from that order that appellant brings this appeal.

OCGA § 9-11-37 (d) (1) provides, in relevant part, that, "[i]f a party . . . fails to serve answers or objections to interrogatories submitted under Code Section 9-11-33, *after proper service of the interrogatories*, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just. . . ." (Emphasis supplied.) "If the party totally fails to respond, sanctions can be imposed directly under [OCGA § 9-11-37 (d)]. . . ." *Hiney v. Bennaman*, 177 Ga. App. 753, 755 (1) (341 SE2d 284) (1986). Prior to the trial court's order striking appellant's answer and entering default judgment against him, there was a total failure on his part to have answered any interrogatories. However, unless the interrogatories had previously been properly served on appellant, his failure to have responded thereto would not authorize the imposition of any sanctions against him. Appellant urges that there is nothing in the record which could authorize the trial court to find that there had ever been proper service upon him of the unanswered interrogatories.

Clearly, the record shows that appellant was never properly served with interrogatories prior to December 7, 1988. As appellees themselves acknowledged in their motion for the appointment of a special process server, the act of merely leaving the summons, complaint and attached interrogatories with non-resident adults at appellant's residence was not proper service. *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). Likewise, there is nothing in the record to show that appellant was ever properly served with the interrogatories on December 7, 1988. As noted, the return of service by the special process server did not indicate that anything other than the summons and complaint had been personally served on appellant. Since there was no evidence that appellant had ever been properly served with the interrogatories, it follows that the trial court was not authorized to strike appellant's timely filed answer and enter default judgment in favor of appellees. See generally *Simpson v. Applegarth Supply Co.*, 153 Ga. App. 446 (265 SE2d 357) (1980). Compare *Freeman v. Nodvin*, 181 Ga. App. 663, 664 (2) (353 SE2d 546) (1987).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

. Decided June 18, 1990 —
Rehearing denied July 3, 1990.

*Eason, Kennedy & Associates, Carolyn J. Kennedy*, for appellant.

*Larry K. Butler, Frank F. Seigel*, for appellees.