## A92A0556. RIGGIO v. LAWSON.
### (420 SE2d 613)

JOHNSON, Judge.

We granted Jaye Riggio's application for interlocutory appeal in order to review the record related to the trial court's denial of her motion to dismiss Robin Lawson's complaint against her for lack of personal jurisdiction, improper venue, and insufficient service of process.

The case arises out of an accident which occurred in Jamaica while the parties were there on vacation. Lawson alleges in her complaint that she was injured while riding as a passenger on a motorscooter being driven by Riggio.

At the time of the accident, Riggio was a citizen and resident of the State of New York. Subsequently, she moved to Toronto, Ontario, Canada. Lawson, a citizen and resident of Fulton County, Georgia, sued Riggio in the Superior Court of Fulton County seeking to recover for her injuries.

After the suit was filed but before she had knowledge of it, Riggio came through Atlanta briefly as a crew member for a rock band which was performing a concert in the city. An agent for service of process attempted but was unable to serve Riggio during the concert. However, the following day another private investigator succeeded in locating and serving Riggio in Naples, Florida.

Riggio filed an answer and counterclaim in which she asserted defenses of lack of personal jurisdiction, improper venue, and insufficient service of process. She pursued these defenses by filing a motion to dismiss Lawson's complaint for lack of personal jurisdiction, improper venue and insufficient service of process. After a hearing, the trial court denied Riggio's motion to dismiss. We reverse.

1. Riggio contends that the trial court erred in refusing to dismiss Lawson's complaint for lack of personal jurisdiction since the claims arise from an accident occurring in Jamaica, West Indies, against a United States citizen residing in Toronto, Ontario, Canada who has never been a resident of Georgia, owns no property in Georgia, and who never engaged in substantial or continuous business in Georgia.

We agree.

The United States Constitution limits the power of a state over nonresidents. "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. [Cit.]" *World Wide Volkswagen Corp. v. Woodson*, 444 U. S. 286, 291 (100 SC 559, 62 LE2d 490) (1980); *Straus v. Straus*, 260 Ga. 327, 328 (393 SE2d 248) (1990); see also *Smith v. Smith*, 254 Ga. 450, 453 (330 SE2d 706) (1985). In order for a state court to have jurisdiction over a person, there must be notice to the defendant and "a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. [Cit.]" *Kulko v. Superior Court of Cal.*, 436 U. S. 84, 91 (98 SC 1690, 59 LE2d 132) (1978); see also *Smith v. Smith*, supra; *Humphrey v. Langford*, 246 Ga. 732, 734-735 (273 SE2d 22) (1980). A state may not exercise jurisdiction over a person unless the person has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' [Cits.]" *International Shoe Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945); *Smith v. Smith*, supra; *Girard v. Weiss*, 160 Ga. App. 295, 297 (287 SE2d 301) (1981). It is clear from the record that Riggio lacks sufficient minimum contacts with Georgia to subject her to suit here; requiring Riggio to defend Lawson's suit in Georgia would be contrary to the notions of fair play and substantial justice.

Lawson asserts that Riggio waived the defense of lack of personal jurisdiction by filing a compulsory counterclaim. Compulsory counterclaims, as well as affirmative defenses, must be asserted in a defendant's answer or responsive pleading. *Blount v. Kicklighter*, 125 Ga. App. 159, 160 (186 SE2d 543) (1971). Riggio asserted the defense of lack of personal jurisdiction in her answer, pursuant to OCGA § 9-11-12 (b) (2), and included within her answer a separate section establishing a counterclaim. Riggio properly excepted to the court's jurisdiction over her person by raising the defense in her answer. We find that the filing of the counterclaim did not serve as a waiver of the defense of lack of personal jurisdiction. To hold otherwise would be to subject litigants in Riggio's situation to a "Catch 22," because it would require them to choose either to waive a legitimate compulsory counterclaim in order to test the trial court's jurisdiction over their person or waive the right to contest the issue of lack of personal jurisdiction in order to avoid the risk of not properly and timely asserting a compulsory counterclaim. Lawson has not cited, nor can we find, a case that holds otherwise.

We likewise reject Lawson's assertion that Riggio's participation in discovery acted as a waiver of her properly asserted objection to personal jurisdiction in this state. See this Court's recent decision in

*Williams v. Willis*, 204 Ga. App. 328 (419 SE2d 139) (1992); see also *Garrett v. Godby*, 189 Ga. App. 183, 185 (375 SE2d 103) (1988).

Accordingly, the trial court erred in denying Riggio's motion to dismiss.

2. In view of our holding in Division 1, we need not address the remaining enumerations of error.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 2, 1992 — 

*Drew, Eckl & Farnham, G. Randall Moody, William T. Mitchell,* for appellant.
*D. Chris Jensen, Jr., N. Lee Presson,* for appellee.

