## A02A0866. BAIYE et al. v. GOBER.
(562 SE2d 249)

PHIPPS, Judge.

The trial court awarded summary judgment to plaintiff Frank Gober against defendants, James Baiye and Deen Investment & Property Development, Inc. (Baiye and Deen), on the ground that they admitted liability and damages by failing to respond to a request for admissions filed and served on them by Gober. We reverse because of a material issue of fact on the question of whether Baiye and Deen were served with the request for admissions. Moreover, the court's award of summary judgment to Gober was premature in view of unresolved affirmative defenses raised in the pleadings.

Gober purchased a home from Deen. After closing, he brought this suit against Deen and its president and registered agent, Baiye, seeking $60,000 in damages for repairs necessitated by negligent construction. When the deputy sheriff's attempts to serve Baiye with process proved unsuccessful, Gober hired a special process server who effected service on Deen's office manager. The deputy's entries of (unsuccessful) service contain a handwritten notation that a request for admissions was among the papers to be served. The multi-paged request for admissions appears in the record along with the deputy's service entries. But the service entries filed by the special process server do not indicate that Baiye and Deen were served with the request for admissions when service was finally effected.

After being served with the summons and complaint, Deen answered and asserted defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. It also filed a counterclaim seeking return of $10,000 previously paid into an escrow account to ensure completion of Gober's house.

Gober moved for summary judgment on the ground that Baiye and Deen had failed to respond to his request for admissions. His brief in support of the motion states as a fact that Baiye and Deen had been served with the request for admissions. Baiye and Deen failed to respond to the motion, and the trial court awarded summary judgment to Gober.

After entry of final judgment, Baiye and Deen filed a response to Gober's motion for summary judgment asserting that they were never served with any request for admissions. The response was supported by an affidavit from their attorney. The trial court entered no ruling on the response, as it was untimely. However, a timely notice of appeal from the final judgment was filed.

1. Baiye and Deen contend that the trial court erred in granting Gober's motion for summary judgment because there exists a material issue of fact on the question of whether they were served with his request for admissions.

Gober argues that Baiye and Deen have waived this issue because his motion for summary judgment put them on notice that he was relying on their failure to respond to the request for admissions, and they did not respond to the motion for summary judgment in a timely fashion. We cannot agree with Gober's arguments.

> Because there is no such thing as a default summary judgment, [Baiye and Deen's] failure to timely respond to [Gober's] motion does not automatically entitle [Gober] to summary judgment in [his] favor. [Cit.] A failure to respond to a motion for summary judgment results in waiver of the right to present evidence in opposition to the motion, but the moving party must still show from the pleadings and the evidence that summary judgment is appropriate. [Cit.][1]

"To affirm a grant of summary judgment, it must affirmatively appear from the record that no question of material fact exists and the moving party is entitled to judgment as a matter of law. [Cit.]"[2]

Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request.[3] But obviously a party cannot be subjected to this penalty unless the request has been filed and properly served.[4] Therefore, for the trial court to have been authorized to award summary judgment to Gober based on Baiye and Deen's failure to respond to the request for admissions, it must have appeared without contradiction from the record then before the court that the request was filed and served on Baiye and Deen. Because the return of service by the special process server did not indicate that anything other than the summons and complaint were ultimately served, there was a material issue of fact on this question when the trial court ruled on Gober's motion for summary judgment.[5] Under the present state of the record, a material issue of fact still exists.

2. In addition, the trial court should not have awarded summary judgment to Gober without ruling on the service and jurisdictional defenses raised in Baiye and Deen's answer.

Even in the absence of a response to the summary judgment motion, Gober was entitled to summary judgment in this case only if he "pierced the defenses set up in [Baiye and Deen's] answer and

---

[1] *Rapps v. Cooke*, 234 Ga. App. 131-132 (1) (505 SE2d 566) (1998).

[2] *Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996).

[3] *Thompson v. Berman*, 147 Ga. App. 740 (1) (250 SE2d 190) (1978) (citing OCGA § 9-11-36).

[4] See *Thompson v. Berman*, supra; see also *Eason v. Bowie*, 196 Ga. App. 199 (395 SE2d 600) (1990).

[5] See *Eason*, supra.

[they] failed to respond with specific facts showing a genuine issue for trial."[6] Here, Baiye and Deen were never called upon to respond because Gober made no attempt to pierce their defenses. And contrary to arguments advanced by Gober, Baiye and Deen did not waive their defenses by filing their (compulsory) counterclaim.[7] "Since the [service] and jurisdictional issues have not been waived, nor have they been addressed in the lower court, the trial court's ruling on the merits of the case was premature."[8]

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 18, 2002.

*Patricia K. Buonodono*, for appellants.
*John A. Roberts*, for appellee.

---

[6] *Crown Ford*, supra.

[7] See *Riggio v. Lawson*, 204 Ga. App. 774, 775 (1) (420 SE2d 613) (1992) (assertion of compulsory counterclaim does not serve as waiver of defense of lack of personal jurisdiction); see also *Marsh v. Wright Mem. Mortuary*, 197 Ga. App. 736 (399 SE2d 232) (1990) (defendant did not waive defense of insufficiency of service of process by filing a cross-claim and other motions); compare *Hoffman v. Fletcher*, 244 Ga. App. 506, 509 (3) (535 SE2d 849) (2000) (recognizing right of defendant to waive defense of improper venue by not reasserting it in her motion for summary judgment).

[8] *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991); compare *Taylor v. Career Concepts*, 184 Ga. App. 551, 552 (1) (362 SE2d 128) (1987) (where defendant did not raise defense of improper venue until after trial court granted plaintiff's motion for summary judgment).

