A06A1966. SMITH v. ATLANTIC MUTUAL COMPANIES.

(641 SE2d 586)

MILLER, Judge.

Atlantic Mutual Companies ("Atlantic"), as subrogee of its insured, filed suit against Matthew W. Smith seeking to recover the amount it paid to its insured as a result of an automobile accident allegedly caused by Smith. Smith appeals the trial court's grant of summary judgment in favor of Atlantic, alleging that the evidence was insufficient to support the judgment, that the trial court failed to

---

address properly raised defenses regarding jurisdiction and service, and that Atlantic's motion for summary judgment failed to comply with Uniform Superior Court Rule 6.1. We agree and reverse.

On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250, 250 (510 SE2d 541) (1998).

So viewed, the evidence shows that Atlantic filed a one-page complaint alleging that Smith was indebted to it "in the principal amount of $13,791.92" and that, despite Atlantic's demand, Smith had refused to make payment. Smith filed a pro se answer in which he denied liability, denied that jurisdiction and venue were proper, asserted several affirmative defenses, and asserted a counterclaim alleging that the negligence of Atlantic's insured had caused the automobile accident.

Atlantic's brief in support of its motion for summary judgment contained no legal argument or citation of authority, but instead set forth the same four paragraphs contained in the Statement of Undisputed Material Facts filed with the motion. Atlantic's pleadings alleged that Smith "was at fault in an automobile accident" involving Atlantic's insured and that Atlantic had paid its insured's claim and taken subrogation of the same against Smith. In support of its motion, Atlantic submitted the affidavit of William J. Holey, who stated that he was both the "Insurance Carrier" of Atlantic and the custodian of its business records. Holey's affidavit reiterates the allegations found in Atlantic's complaint. Attached to the affidavit as Exhibit "A" is a copy of an estimate for repairs to a damaged car and pictures of a damaged car. On the basis of this evidence, the trial court granted summary judgment in favor of Atlantic and awarded it $18,629.67 in damages and interest.

1. Smith alleges that the trial court improperly granted summary judgment based upon the evidence before it. "To affirm a grant of summary judgment, it must affirmatively appear from the record that no question of material fact exists *and the moving party is entitled to judgment as a matter of law.* [Cit.]" (Emphasis supplied.) *Crown Ford v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996). Even assuming that Atlantic satisfied the first requirement, it failed to show that it was entitled to judgment as a matter of law.

We first note that Atlantic has not produced a copy of the alleged insurance policy, any evidence showing that it had paid a claim under that policy, or any document demonstrating that its insured had assigned any claim it had against Smith to Atlantic. Moreover, while Atlantic asserted, both in its pleadings and via the affidavit of Mr.

Holey, that Smith caused the underlying automobile accident, it failed to produce any evidence to support this assertion. Mr. Holey's affidavit sets forth no facts on which he bases his conclusion regarding Mr. Smith's fault. Atlantic did not attach to its complaint or its summary judgment motion an accident report, a traffic citation issued as a result of the alleged accident, or the affidavit of its insured describing the accident. Devoid entirely of any information regarding the accident giving rise to this case, the record cannot support the conclusion that Smith was at fault.

A similar deficiency exists with respect to Atlantic's claim for damages. There is nothing in Mr. Holey's affidavit or the exhibit attached thereto which shows that the attached estimate is for a car belonging to its insured, or that the damage resulted from an accident in which Smith was involved. Nor is there any evidence demonstrating that repairs were made to the insured's car, the actual cost of any such repairs, or that Atlantic paid for the same.

Smith responded to Atlantic's motion by filing a response in which he again denied liability for the underlying accident. Atlantic argues that Smith's failure to present evidence to rebut Mr. Holey's affidavit entitles it to summary judgment. There is, however, "no such thing as a default summary judgment. [Cit.]" (Punctuation omitted.) *Crown Ford*, supra, 221 Ga. App. at 882. It is incumbent upon a plaintiff to prove its case and, until it does, a defendant is under no obligation to disprove it. Atlantic's failure to establish its prima facie case relieved Smith from having to respond with rebuttal evidence. See *Berrell v. Hamilton*, 260 Ga. App. 892, 896 (581 SE2d 398) (2003) (Only after the "moving party makes a . . . showing of entitlement to a judgment as a matter of law [does] the burden . . . shift[ ] to the respondent to come forward with rebuttal evidence.").

2. The trial court also erred in awarding summary judgment to Atlantic without ruling on the service and jurisdictional defenses raised in Smith's answer. See *Baiye v. Gober*, 254 Ga. App. 288, 289 (2) (562 SE2d 249) (2002). Having pled these defenses in his answer, Smith was obligated to raise them again on summary judgment only if Atlantic's motion set forth evidence or arguments which "pierced those defenses." *Crown Ford*, supra, 221 Ga. App. at 882 (A plaintiff is entitled to summary judgment only where it "pierced the defenses set up in [the defendant's] answer and [the defendant] failed to respond with specific facts showing a genuine issue for trial."). Additionally, the fact that Smith asserted a compulsory counterclaim did not constitute a waiver of these defenses. *Baiye*, supra, 254 Ga. App. at 289 (2). See also *Riggio v. Lawson*, 204 Ga. App. 774, 775 (1) (420 SE2d 613) (1992); *Hardy v. Lucio*, 259 Ga. App. 543, 544 (1) (578 SE2d 224) (2003). Given that "the (service) and jurisdictional issues [were not] waived" the lower court's ruling on the merits of the case

without addressing them was premature. (Punctuation omitted.) *Baiye*, supra, 254 Ga. App. at 290 (2). See also *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991).

3. In light of our disposition of Divisions 1 and 2, we need not reach Smith's claim that Atlantic's motion for summary judgment failed to comply with USCR 6.1.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 31, 2007.

*Smith, White, Sharma & Halpern, Christopher J. Palazzola*, for appellant.

*Douglas L. Brooks*, for appellee.