**FIFTH DIVISION**
**BRANCH, MCMILLIAN**
**and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 12, 2017**

# In the Court of Appeals of Georgia

A17A0310. BADICHI v. ALBION TRADING, INC. et al.

MCMILLIAN, Judge.

Boaz Yaheil Badichi appeals from the trial court's grant of partial summary judgment to Albion Trading, Inc. ("Albion"); SBS 384, LLC; SBS 276, LLC; and SBS Holdings at Tall Pines Apartments, LLC (collectively the "plaintiffs"), asserting that the trial court erred in finding he had failed to respond to the plaintiffs' request for admissions, thereby conclusively admitting the allegations in those requests. For the reasons that follow, we vacate the trial court's order and remand for further proceedings.

The limited record shows that the plaintiffs filed suit against Badichi, an Israeli citizen and resident in November 2014. The complaint alleged that Albion is the sole member of SBS 384, LLC; SBS 276, LLC; and SBS Holdings at Tall Pines

Apartments, LLC (collectively the "Apartments"), corporate entities that own apartment complexes operating in Decatur and Atlanta, Georgia. The complaint further alleged that Badichi owns a 50 percent "beneficial or equitable but not legal interest" in the Apartments. Since their acquisition, the Apartments' value has purportedly decreased and Badichi has ceased paying his 50 percent share of their negative cash flow. As a result, the plaintiffs asserted claims for equitable partition, accounting, and attorney fees.

In June 2015, the plaintiffs amended their complaint to add Ori Nesher, who allegedly represents Badichi's interests with respect to the Apartments, as a defendant, and to assert a count for declaratory judgment regarding the true ownership of the Apartments. According to this complaint, when the Apartments were purchased in 2011, Nesher arranged for the closings, and shortly after the sale, Nesher and Albion's representative, Ori Peretz, became the sole members of the Apartments. The plaintiffs allege that Badichi did not want his name to appear as a member, so in August 2013, when Albion and Badichi caused Nesher and Peretz to transfer their interests in satisfaction of the acquisition loans, Albion became the sole member of each Apartment. Nesher and Peretz remained involved as corporate managers of the Apartments. The plaintiffs also allege that Badichi thereafter

2

declined to execute a new operating agreement or otherwise become a member of the Apartments.

However, in July 2015, the plaintiffs withdrew the amended complaint and reinstated their original complaint.[1] On August 26, 2015, Badichi simultaneously filed an answer, by special appearance, and a motion to dismiss, asserting insufficient service of process, lack of personal jurisdiction, failure to state a claim, and failure to join an indispensable party. The plaintiffs then filed another amended complaint, this time asserting claims for declaratory judgment, accounting, damages, and attorney fees. On December 2, 2015 – more than 90 days after Badichi filed his motion to dismiss – the plaintiffs served Badichi with discovery requests, including a request for admissions.[2] Badichi timely responded by objecting to each discovery request on the grounds that he had not been served with process, he had made only

---

[1] The plaintiffs explained they had recently learned that service had been perfected on Badichi in Israel and therefore no longer needed to add Nesher as a party to the action.

[2] See OCGA § 9-11-12 (j) (1) ("If a party files a motion to dismiss before or at the time of filing an answer . . . discovery shall be stayed for 90 days after the filing of such motion or until the ruling of the court . . . , whichever is sooner. The court shall decide the motion to dismiss within . . . 90 days.").

a special appearance, and he had filed a motion to stay discovery pending the trial court's ruling on his motion to dismiss.

The trial court ultimately denied Badichi's motion to dismiss and motion to stay in January 2016. The plaintiffs thereafter filed yet another amended complaint, this time withdrawing their accounting claim, and moved for partial summary judgment. In their motion, the plaintiffs argued that, because Badichi failed to respond to their request for admissions, "Badichi has admitted that he owns a 50% beneficial or equitable, but not legal, interest in the [Apartments] and that he holds a 50% share in all 'Rights and Liabilities' of the [Apartments,]" thereby entitling the plaintiffs to summary judgment on their claim for declaratory judgment.[3]

Although there is no indication in the record that the plaintiffs ever moved the trial court to find Badichi's objections to their request for admissions insufficient, it appears that at a status conference held by the trial court on March 1, 2016, Badichi announced he would be serving supplemental discovery responses, including

_____

[3] Albion seeks declaratory judgment that (1) Albion holds a 100 percent legal interest and a 50 percent equitable interest in the Apartments; (2) Badichi holds a 50 percent beneficial or equitable ownership interest in the Apartments; (3) Badichi holds no legal interest in the Apartments; and (4) Badichi holds a 50 percent share in the rights and liabilities of the Apartments.

substantive responses to Albion's request for admissions.[4] And on March 4, 2016, Badichi served the supplemental responses, denying the requests relied upon by the plaintiffs in their motion for partial summary judgment.[5] Thereafter, there is no evidence in the record that the plaintiffs moved the trial court to determine the sufficiency of Badichi's substantive responses. However, in April 2016, the trial court granted the plaintiffs' motion in a three-sentence order, noting only that it was granting the motion for the reasons stated in the plaintiffs' brief. This appeal followed.[6]

1. Requests for admission are governed by OCGA § 9-11-36, which provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code Section 9-11-26

---

[4] There is no transcript of these proceedings in the record.

[5] Badichi had previously denied identical allegations in his answer to Albion's amended complaint. According to Badichi, this matter originates as a dispute between him and his business partner, Shlomo Elia, who facilitated his original investment in the Apartments. Badichi asserts that the transfer of his interest in the Apartments to Albion was fraudulent and that he is currently litigating claims against Elia in Israel.

[6] This case was originally transferred to the Supreme Court for jurisdictional reasons; however, the Supreme Court returned the case to this Court.

5

which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

OCGA § 9-11-36 (a) (1). The statute further provides that each matter requested "is admitted unless, within 30 days after service of the request . . ., the party to whom the request is directed served upon the party requesting the admission a written answer or objection addressed to the matter[.]" OCGA § 9-11-36 (a) (2). When a requesting party is unsatisfied with a response, he may file a motion to determine the sufficiency of the answers or objections. OCGA § 9-11-36 (a) (3). Then, if the court determines that an objection is not justified, "it shall order that an answer be served." Id. And "[i]f the court determines that an answer does not comply with the requirements of this subsection, it may order either that the matter is admitted or that an amended answer be served." Id.

Here, although it does not appear that the plaintiffs expressly moved the trial court to determine the sufficiency of Badichi's initial objections and there is no order compelling Badichi to respond, there is some indication that the discovery dispute was addressed at the status conference, and Badichi did ultimately supplement his initial objections with substantive responses. However, following the service of these

6

supplemental responses, the plaintiffs did not move the trial court to determine that Badichi's objections were somehow insufficient. Thus, there is no order finding either that Badichi's objections did not comply with the requirements of OCGA § 9-11-36 and the requests should therefore either be deemed admitted or that Badichi should further supplement his responses.

Instead, it appears that the plaintiffs argued below and on appeal that Badichi's initial objections were improper and therefore amount to the failure to respond at all, such that the requests should be deemed admitted as a matter of law pursuant to OCGA § 9-11-36 (a) (2). But this argument ignores the statutory framework governing requests for admission, which clearly permits the responding party to either provide "a written answer *or* objection." (Emphasis supplied.) OCGA § 9-11-36 (a) (2). It is well established that "[u]nder OCGA § 9-11-36, the ultimate sanction (deeming a matter admitted) is available when a party completely fails to respond or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements." (Citations omitted.) *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 666 (5) (697 SE2d 233) (2010). See also *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997) (where responding party did not respond,

7

assert objections, request deferment, or seek a protective order, it "did not avail itself of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of [the] requests for admission stood admitted").

Here, Badichi timely objected to the requests and then supplemented his responses, but nothing in the record shows that the trial court explicitly overruled the objections or found the supplemental responses to be inadequate. Moreover, even if we were to assume that the trial court impliedly overruled Badichi's objections after it denied his motion to dismiss, it does not follow that Badichi admitted the requests by then failing to submit substantive responses within 30 days. See *Contract Management Consultants, Inc. v. Huddle House, Inc*., 134 Ga. App. 566, 569 (1) (215 SE2d 326) (1975). "Where a court determines that an objection to a request is unjustified, it must then order the responding party to answer the request[.]" Id. Cf. *Monolith Companies, LLC v. Hunter Douglas Hospitality, Inc.*, 333 Ga. App. 898, 900-01 (777 SE2d 726) (2015) (responding party's failure to object or respond to requests for admission results in conclusive admission of the matters requested); *Neal v. State Farm Fire & Casualty Co.*, 300 Ga. App. 68, 69 (684 SE2d 132) (2009)

8

(where responding party's response was served six days after the due date, allegations in the requests for admissions deemed admitted as a matter of law). Plaintiffs point to nothing in the record showing that the trial court ordered that Badichi file supplemental responses.

In addition, where the responding party has made some timely response, such as Badichi did here, "a motion to determine in a hearing the sufficiency of answers is necessary before responses to request for admissions may be deemed insufficient and deemed admitted." (Citation and punctuation omitted.) *Tavakolian*, 304 Ga. App. at 666 (5). See also *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 652 (1) (334 SE2d 188) (1985) ("we conclude that an insufficient answer may be deemed an admission by the court only after the requesting party has questioned by motion the sufficiency of the answers and a hearing on the motion has been held"). Here, while the record is unclear on this issue, it appears that the trial court, in adopting the plaintiffs' reasoning in its order, either improperly found that Badichi failed to timely respond at all or, without a hearing, improperly found that his supplemental responses were insufficient. Under either scenario, we must vacate the trial court's judgment granting summary judgment to plaintiffs and remand for further proceedings

consistent with this opinion. See *McClarty v. Trigild, Inc.,* 333 Ga. App. 112, 115-16 (2) (775 SE2d 597) (2015).

2. Badichi also asserts that the trial court erred in concluding that no issues of material fact remained when it granted summary judgment to the plaintiffs.[7] Summary judgment is appropriate when the moving party can "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "The party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact." (Citation omitted.) *Examination Mgmt. Svcs. v. Steed*, 340 Ga. App. 51, 51-52 (794 SE2d 678) (2016). "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation omitted.) *Matson v. Bayview Loan Servicing, LLC*, 339 Ga. App. 890, 890 (795 SE2d 195) (2016).

---

[7] Although the plaintiffs' motion for partial summary judgment was dependent upon their assertion that Badichi had admitted the allegations contained in their request for admissions, in their reply brief they later asserted that the affidavits submitted by the parties also established that they were entitled to summary judgment. Because it is unclear from the trial court's order whether it relied upon the arguments presented in the plaintiffs' reply brief, we will also address the grant of summary judgment without the alleged admissions.

Here, the plaintiffs seek a declaratory judgment that Albion holds a 100 percent legal interest in the Apartments; that Badichi owns a 50 percent beneficial or equitable, but not legal, interest in the Apartments; and a final determination as to the amount owed by the parties to each other. However, absent the improper finding regarding Badichi's responses to the requests for admission, factual issues remain on Badichi's defenses of estoppel and unclean hands and his allegations that his legal interest in the Apartments was fraudulently conveyed to Albion. Thus, summary judgment is improper at this stage. See *Tavakolian*, 304 Ga. App. at 666 (5) (where responding party did not "completely" fail to respond and requesting party did not move to determine sufficiency of the answers, requesting party did not demonstrate they were entitled to judgment as a matter of law).

Accordingly, we vacate the trial court's grant of summary judgment based on its conclusion that Badichi completely failed to respond to the requests and remand for further proceedings consistent with this opinion. See *Robinson v. Global Resources, Inc.*, 300 Ga. App. 139, 143 (684 SE2d 104) (2009).

*Judgment vacated and case remanded. Branch and Bethel, JJ., concur.*

11