**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 27, 2025**

# In the Court of Appeals of Georgia

A24A1341. BEBE'S CUISINE, INC. et al. v. HAGHPARAST et al.

MCFADDEN, Presiding Judge.

Bebe's Cuisine, Inc. and Amir Persia appeal from the grant of summary judgment to Mohammad Haghparast on his claim for a purchase money resulting trust as to certain real property. In granting summary judgment, the trial court relied on material facts purportedly admitted by the failure of Bebe's to respond to a request for admissions. But because the record does not show that Bebe's was properly served with the request, the trial court's reliance on the purported admissions was error. Moreover, we cannot determine from the record whether Haghparast would still be entitled to summary judgment based on evidence other than the purported admissions

because there is a *Prophecy* question as to the reasonableness of Persia's explanation for his conflicting testimony on material issues that must be resolved by the trial court in the first instance. So we vacate the trial court's order and remand the case with direction that it resolve the *Prophecy* issue before ruling on the summary judgment motion.

1. *Facts and procedural posture*

In October 2021, Haghparast and others filed a verified multi-count complaint against Bebe's and Persia. The only claim now before us is Haghparast's cause of action for a purchase money resulting trust as to a piece of commercial property conveyed to Bebe's. The complaint alleged that Haghparast was living in Iran at the time of the purchase; that his brother Persia had incorporated Bebe's to help Haghparast establish a business in the United States; that Haghparast provided all the money for the purchase of the property by using intermediaries to make deposits of his money into Bebe's Cuisine's checking account; that he deposited over $1 million into the account for the purpose of buying the property; that Bebe's then wired $1,035,210 of his money to a real estate closing attorney in order to purchase the property; and that title in the property was then conveyed to Bebe's.

In July 2023, Haghparast moved for partial summary judgment as to his claim for a purchase money resulting trust, citing, among other things, the failure of Bebe's to respond to his request for admissions. In a single pleading, Bebe's and Persia moved to withdraw admissions and responded to Haghparast's motion for summary judgment. They also filed their own motion for summary judgment as to all claims set forth in the complaint.

The trial court denied the defense motion to withdraw admissions. After a hearing on the competing motions for summary judgment, the trial court granted Haghparast's motion for partial summary judgment against Bebe's, citing its purported admissions as conclusively establishing that Haghparast had provided all the purchase money for the property. In the same order, the court also denied Haghparast's motion for summary judgment against Persia and denied the defendants' motion for summary judgment. This appeal followed.

2. *Request for admissions*

Bebe's asserts that it was not properly served with Haghparast's request for admissions, so the trial court erred in granting summary judgment based on its purported admissions. We agree.

3

"Requests for admission are governed by OCGA § 9-11-36, which provides in pertinent part: 'A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . which are set forth in the request[.]' OCGA § 9-11-36 (a) (1)." *Badichi v. Albion Trading*, 341 Ga. App. 375, 377-378 (1) (801 SE2d 75) (2017). The statute further provides: "The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party." OCGA § 9-11-36 (a) (1). Moreover, "each matter requested 'is admitted unless, within 30 days *after service* of the request . . . , the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.' OCGA § 9-11-36 (a) (2)." *Badichi*, supra at 378 (punctuation omitted; emphasis supplied).

> Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request. But obviously a party cannot be subjected to this penalty unless the request has been filed and properly served. Therefore, for the trial court to have been authorized to award summary judgment to [Haghparast] based on [Bebe's Cuisine's] failure to respond to the request for admissions, it must have appeared without contradiction from the record then before the court that the request was filed and served on [Bebe's].

*Baiye v. Gober*, 254 Ga. App. 288, 289 (1) (562 SE2d 249) (2002) (citations omitted).

4

The record, however, does not show that Bebe's was properly served with the request for admissions upon which the trial court relied in its summary judgment order. In claiming otherwise, Haghparast first cites a certificate of service and an affidavit of service for his attempted October 2021 service of the complaint and request for admissions. The certificate states that Bebe's was served simultaneously with the complaint and other documents, including a request for admissions; and the affidavit indicates that the documents were also emailed to an attorney who represented Bebe's in a different case, but who is not counsel in the instant case.

In an order that has not been challenged on appeal, the trial court ruled that Haghparast's attempted October 2021 service of process on Bebe's was defective. After Bebe's did not answer the complaint, Haghparast moved for default judgment, citing the certificate and affidavit of service referenced above. But the trial court rejected Haghparast's arguments and denied the motion because Haghparast had "not exercised reasonable diligence in locating [Bebe's Cuisine's] registered agent as required by OCGA § 14-2-504 (b)[.]" It follows that that deficient attempt at service cannot sustain Haghparast's contention that the request for admissions was properly served on Bebe's.

Thereafter, in August 2022, Haghparast perfected service of the complaint and other documents on Bebe's. Haghparast cites that August 2022 affidavit of service, which lists the documents that were personally delivered to counsel of record in this case, as evidence that he properly served Bebe's with the request for admissions. But the documents listed on that affidavit do not include a request for admissions.

Haghparast's reference to stipulations extending the time for Bebe's to respond to discovery is likewise unavailing. The stipulations do not indicate the type of discovery, and plainly do not identify any request for admissions.

In short, Haghparast has cited "no evidence [establishing] that [Bebe's] had ever been properly served with the [request for admissions.]" *Eason v. Bowie*, 196 Ga. App. 199, 200 (395 SE2d 600) (1990) (reversing entry of default judgment as sanction for defendant's failure to respond to interrogatories where return of service indicated service of complaint but did not show service of interrogatories).

We note that in July 2023 Haghparast did file his request for admissions along with his motion for partial summary judgment, and that Bebe's filed a response to the request, which it subsequently amended in September 2023. Pretermitting any issues concerning discovery filings beyond "the ordinary six-month discovery period[,]"

*Barnes v. Channel*, 303 Ga. 88, 93 (2) (810 SE2d 549) (2018), the trial court did not base its finding of admissions and its grant of partial summary judgment on these filings. Rather, the court determined that Bebe's had admitted material facts by failing to respond to the request for admissions purportedly served with the complaint in August 2022. Indeed, in its summary judgment order, the court noted that the amended responses filed by Bebe's in September 2023 did not change its prior admissions as a matter of law.

But as discussed above, the trial court was not "authorized to award summary judgment to [Haghparast] based on [the alleged] failure to respond to the [prior] request for admissions, [since] it [does not] appear[] . . . from the record . . . that the request was [properly] served on [Bebe's]." *Baiye*, supra. Cf. *Glatfelter v. Delta Air Lines*, 253 Ga. App. 251, 251-252 (1) (558 SE2d 793) (2002) (plaintiffs could not rely on lack of response to request for admissions where trial court found, contrary to plaintiffs' claim, that the request for admissions was not served on defendant with the complaint). So the trial court's finding of no genuine issues of material fact and grant of summary judgment based on the purported admissions was error.

3. *Summary judgment on purchase money resulting trust claim*

Despite our holding above that the trial court erred in relying on the purported admissions in its final order, we nevertheless could "affirm the trial court's grant of summary judgment if it is right for any reason, whether stated or unstated, so long as the legal basis was fairly presented in the court below." *Cook Pecan Co. v. McDaniel*, 337 Ga. App. 186, 192 (3) (b) (786 SE2d 852) (2016). So if, as Haghparast contends, there is other undisputed evidence in the record which demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, then the grant of summary judgment could be affirmed on that basis. See *Sherman v. Thomas-Lane American Legion Post 597*, 330 Ga. App. 618, 619 (768 SE2d 797) (2015) ("To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.") (citation and punctuation omitted).

Haghparast has pointed to other evidence in the record which supports his claim for a purchase money resulting trust by showing that he paid all of the consideration for the purchase of the property conveyed to Bebe's. See OCGA § 53-12-131 (a) ("A purchase money resulting trust is a trust implied for the benefit of the

person paying consideration for the transfer to another person of legal title to real or personal property."). That evidence includes not only Haghparast's own affidavit and various exhibits, but also a sworn statement signed by Persia, entitled "Jurat Certificate (Verification on oath or Affirmation)." In that statement, Persia testified that Haghparast had transferred $1,055,000 to the Bebe's bank account in order to pay for a property investment, that Persia then purchased the commercial property in which Haghparast planned to establish a business, and that the money transferred into the Bebe's "account was [Haghparast's] money." Persia testified, "I only inter[ve]ned as he directed me[.]"

But during his deposition, Persia gave testimony that, if not disregarded, may create genuine issues of material fact as to the source of the money used for the purchase. Persia testified at his deposition that he and Haghparast ran a money exchange business together in Iran; that the money transferred into the Bebe's checking account came from that business; that Persia had directed Haghparast to transfer over $1 million into the Bebe's bank account; and that more than half of the transferred money, as much as $800,000, belonged to Persia.

When asked about his prior sworn statement, Persia explained that the sworn statement was false, that it was made to help Haghparast in an Australian immigration matter, and that it recited what Haghparast's attorney had directed him to say. In his verified answer, Persia also denied that he had written the sworn statement.

"Under the rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), parties' self-contradictory, vague or equivocal testimony is construed against them on summary judgment, absent a reasonable explanation." *Pollard v. Great Dane, LLC*, 371 Ga. App. 872, 874 (2) (903 SE2d 338) (2024) (citation and punctuation omitted). See also *Shiver v. Norfolk-Southern Ry.*, 269 Ga. 168, 169 (496 SE2d 903) (1998) (testimony is a statement made by a witness under oath or affirmation).

> Testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. The issue of whether a party-witness's testimony is inconsistent is to be determined, not by individual words or phrases alone, but by the whole impression or effect of what has been said. Whether the testimony of a party is contradictory is a question for the trial judge to decide. Whenever the only evidence in support of a claim is the favorable portion of a party's self-contradictory testimony, the other party is entitled to summary judgment. However, even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable

explanation, and whether this has been done is an issue of law for the trial judge.

*Smith v. Six Flags Over Georgia II*, 370 Ga. App. 778, 782-783 (2) (899 SE2d 315) (2024) (citations and punctuation omitted). "We review [such] conclusions of law de novo." *Pollard*, supra at 875 (2) (a) (determination of whether a party-witness has offered a reasonable explanation for self-contradictory testimony is an issue of law for the trial judge that we review de novo).

But in this case, we cannot conduct such a review because there is nothing in the trial court's ruling or elsewhere in the record to indicate that the court made the requisite determinations of whether Persia's deposition testimony was inconsistent with his sworn statement, and if so, whether his explanation for any contradictory testimony was reasonable. See *Hudgens v. Broomberg*, 262 Ga. 271 (416 SE2d 287) (1992) (*Prophecy* rule concerning contradictory testimony applies to prior testimony given in another case and not merely to testimony given in the current case). Accordingly, the trial court's summary judgment order must be vacated and the case remanded with direction that the trial judge make these determinations before ruling on the summary judgment motion. See *Sikes v. Great Lakes Reinsurance (UK) PLC*, 321 Ga. App. 136, 139 (741 SE2d 263) (2013) (vacating and remanding for the trial

court to determine whether the self-contradictory testimony rule applied, where its order was unclear as to whether it made any such determinations), overruled in part on other grounds in *Pollard*, supra at 876 (2) (a) n. 5.

4. *Laches*

Bebe's argues that the claim for a purchase money resulting trust is barred by the doctrine of laches. See *Davis v. Davis*, 310 Ga. App. 512, 516 (713 SE2d 694) (2011) (question of laches addressed to the sound discretion of the trial court, which considers, among other things, the length of the delay, the sufficiency of the excuse, and whether the defendant has shown prejudice). But Bebe's has failed to show how this issue was raised and that it was ruled on below. See Court of Appeals Rule 25 (a) (5) (the appellant's brief must identify how each enumerated error was preserved for review by appropriate citations to the record). The trial court's summary judgment order contains no ruling on the issue of laches, so this argument presents nothing for review. See *Madison Retail Suwanee v. Orion Enterprises Sales & Svc.*, 309 Ga. App. 712, 717 (4) (711 SE2d 71) (2011) (this is a court for the correction of errors and it does not consider matters which were not ruled on by the trial court); *Trust Co. Bank v.*

*Shaw*, 182 Ga. App. 165, 167 (2) (355 SE2d 99) (1987) (issue of laches not considered on appeal where no ruling by trial court).

*Judgment vacated and case remanded with direction. Mercier, C. J., and Rickman, P. J., concur.*